

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

KOLMAR GROUP AG f/k/a KOLMAR           :
PETROCHEMICALS AG,                     :
                                       :
                    Plaintiff,         :        08 Civ.
                                       :
        - against -                    :        ECF CASE
                                       :
RAHUL SALES LIMITED a/k/a RAHUL        :
SALES LTD.,                            :
                                       :
                    Defendant.         :

-------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff, KOLMAR GROUP AG f/k/a KOLMAR PETROCHEMICAL AG (hereinafter

"Kolmar" or "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for

its Verified Complaint against the Defendant, RAHUL SALES LIMITED a/k/a RAHUL SALES

LTD., (hereinafter "Rahul" or "Defendant"), alleges, upon information and belief, as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333. This claim involves the breach

of maritime contract of charter. This matter also arises under the Court's federal question

jurisdiction within the meaning of 28 United States § 1331.

2.      At all times material to this action, Kolmar was, and still is, a foreign corporation, or

other business entity organized and existing under the laws of Switzerland.

3.      Upon information and belief, Rahul was, and still is, a foreign corporation, or other

business entity organized and existing under the laws of India.

4.      At all times material to this action, Kolmar was the disponent owner of the motor

vessel "PULI" (hereinafter "The Vessel").

5.    At all material times to this action, Meteor Pvt. Ltd. (hereinafter "Meteor") acted as

agents in India for Kolmar.

6.    On or about February 27, 2007, Kolmar and Rahul entered into a contract

(hereinafter "the contract") whereby Kolmar Petrochemicals AG agreed to sell and Rahul agreed to

buy a cargo of 15,000 metric tons of methanol, plus or minus five percent in seller's option, on a

cost, insurance and freight ("CIF")[1] basis with delivery to the discharge port of Kandla, India. *A*

*copy of the contract is attached hereto as Exhibit "1".*

7.    Paragraph 8 of the contract provides, in relevant part, as follows:

> Payment Terms: Net cash in U.S. Dollars at 90 days from Bill of
> Lading date against maximum 6 Irrevocable and confirmed
> Documentary Letters of Credit all of which to be received latest by
> 15[th] March, 2007 issued by a bank acceptable to seller. Letter of
> Credit to be telex/swift advised as the fully operative instrument
> directly to the advising bank.

*See Exhibit "1".*

8.    Paragraph 9 of the contract included separate "maritime conditions"

as follows:

> Laytime to commence 6 (six) hours from tendering of Notice of
> Readiness or when vessel is all fast at berth, whichever occurs
> first. Laytime allowed (period or rate) and demurrage rate to be
> agreed upon vessel nomination. All other maritime conditions to
> be in accordance with Asbatankvoy Charter Party form.

*See Exhibit "1".*

9.    Rahul acknowledged and accepted the terms of the contract by sending Meteor the

last page of the sales contract signed by Rahul and stating "accepted". Rahul also added the

following clause: "As we have the right to establish up to 6 (six) LC's (letters of credit), we may

---

[1] "CIF" is a shipping term in which the exporter clears the goods for export and pays the costs, insurance and freight of
transporting the goods to the port of destination; however, all risk and additional costs is transferred to the importer or
buyer once the goods pass the ship's rail in the load port

advise you to send contracts for part quantities in favour of our customers." *A copy of Rahul's acceptance is attached hereto as Exhibit "2".*

10.    On or about March 1, 2008, Kolmar nominated the Vessel for performing against the contract for the carriage of approximately 14,100 to 14,300 metric tons (the full capacity of the Vessel) of methanol. *A copy of the vessel nomination is attached hereto as Exhibit "3".*

11.    The vessel nomination provided for laytime for discharging at 200 metric tons per hour, Sundays and holidays included; and demurrage[2] to be paid at a rate of $20,000 per day, pro rata. *See Exhibit "3".*

12.    The vessel nomination also provided for discharge ports of either Kandla, Mumbai or Nhava Sheeva port. *See Exhibit "3".*

13.    In March, 2007, Kolmar Petrochemicals AG changed its name to Kolmar Group AG. *A copy of this notice is attached hereto as Exhibit "4".*

14.    On or about March 15, 2007, Rahul advised Kolmar that it had appointed assignees under the sales contract for the import of the methanol cargo and also for establishing the respective letters of credit in favor of Kolmar.

15.    In consideration of Kolmar accepting the letters of credit issued by Rahul's assignees, Rahul agreed at all times to remain fully liable directly to Kolmar for the performance of the contract. *Copies of these Letters of Assignment are attached hereto as Exhibit 5.*

16.    The Vessel arrived at Kandla in the morning of April 14, 2007, within the estimated arrival date range provided for in the vessel nomination.

---

[2] Demurrage is a fee paid by the charter to the ship owner when the latter's ship is detained beyond the specified date agreed to.

17.     The berth was occupied and the Vessel waited for berthing instructions until the next morning on April 15, 2007, when she was then shifted to berth as was safely moored to berth at 11:10 hours.

18.     The discharge of the Vessel proceeded extremely slowly as there was not enough space in the shore tanks for discharging the cargo. The discharging was interrupted on numerous occasions on shore requests. On April 18, 2007, port authorities ordered the Vessel to leave the berth because it was left idle and discharging was interrupted due to lack of space on the shore side. The Vessel was re-berthed on April 21, 2007 and discharge operations were completed on April 24, 2007. *See Statement of Facts for Discharging, attached hereto as Exhibit "6".*

19.     The discharge of the cargo took 9 days, 17 hours and 10 minutes. The vessel nomination allowed for laytime of 2 days, 22 hours and 14 minutes. Thus, Rahul owed demurrage to Kolmar for a period of 6 days, 18 hours and 56 minutes, at the rate of $20,000 per day, for a total due of $135,775.00. *A copy of Kolmar's invoice, laytime calculation and demurrage statement dated June 10, 2007 is attached hereto as Exhibit "7."*

20.     Rahul has continuously failed and/or refused to pay the outstanding demurrage due and owing under the contract. On or about March 11, 2008, Meteor sent Rahul another request for payment of the outstanding demurrage. *A copy of this request is attached hereto as Exhibit "8".*

21.     To date, Rahul has failed and/or refused to pay the outstanding demurrage.

22.     Rahul has breached the separable maritime provisions terms of the contract by refusing to pay outstanding demurrage due and owing to Kolmar.

23.     Pursuant to the contract, disputes between the parties are to be submitted to the jurisdiction of the High Court of London. Kolmar will commence litigation after the commencement of this action and jurisdiction is obtained over Rahul.

4

24.    This action is brought in order to obtain jurisdiction over Rahul and also to obtain security for Kolmar's claims and in aid of proceedings in the High Court of London.

25.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law.

26.    As best as can now be estimated, Plaintiff expects to recover the following amounts at arbitration as the prevailing party:

| a. | Plaintiff's Principal Claim: | $ | 135,775.00 |
|----|------------------------------|---|------------|
|    | *Outstanding demurrage* |   |            |
| b. | Interest for 3 years, compounded quarterly at 7%: | $ | 31,423.66 |
| c. | Estimated recoverable legal fees and costs: | $ | 70,000.00 |
| **Total:** |  | **$** | **237,198.66** |

27.    The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant. *See Affidavit in Support of Prayer for Maritime Attachment annexed hereto as Exhibit "9".*

28.    The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any property of the Defendant held by any garnishee within the District for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.     That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.     That pursuant to 9 U.S.C. §§ 201. *et seq.* and/or the doctrine of comity this Court recognize and confirm any foreign judgment rendered on the claims had herein as a Judgment of this Court;

C.     That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all tangible or intangible property of the Defendant within the District, including but not limited to any funds held by any garnishee, which are due and owing to the Defendant, up to the amount $ **237,198.66** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

D.     That this Court enter Judgment against Defendant on the claims set forth herein;

E.     That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

F.     That this Court award Plaintiff its attorney's fees and costs of this action; and

G.     That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

6

Dated: June 11, 2008
New York, NY

The Plaintiff,
KOLMAR GROUP AG f/k/a KOLMAR
PETROCHEMICALS AG


By: _Anne C LeVasseur_

Patrick F. Lennon
Anne C. LeVasseur
LENNON, MURPHY & LENNON, LLC
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – phone
(212) 490-6070 – fax
pfl@lenmur.com
acl@lenmur.com

7

## ATTORNEY'S VERIFICATION

State of New York )
               )   ss.:   City of New York.
County of New York )

1.     My name is Anne C. LeVasseur.

2.     I am over 18 years of age, of sound mind, capable of making this

Verification, and fully competent to testify to all matters stated herein.

3.     I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the

Plaintiff.

4.     I have read the foregoing Verified Complaint and know the contents

thereof and believe the same to be true and accurate to the best of my knowledge, information and

belief.

5.     The reason why this Verification is being made by the deponent and not

by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now

within this District.

6.     The source of my knowledge and the grounds for my belief are the

statements made, and the documents and information received from, the Plaintiff and agents and/or

representatives of the Plaintiff.

7.     I am authorized to make this Verification on behalf of the Plaintiff.

Dated:     New York, NY
            June 11, 2008

*Anne C. LeVasseur*
Anne C. LeVasseur

EXHIBIT 1



**PETROCHEMICALS**

KOLMAR PETROCHEMICALS AG
Laubehof, Metallstrasse 9, 6300 Zug / Switzerland
Tel. +41 41 727 57 00  Fax +41 41 727 57 01

## FACSIMILE TRANSMISSION

| | |
|---|---|
| To | Rahul Sales Ltd |
| Attn | Mr.Onkar Anand, Managing Director |
| Fax | ÷ (91) 172 270 8840 |
| | |
| CC | Meteor New Delhi |
| Attn | Mr. Randhir Mehta |
| | |
| Date | 28th February 2007 |
| | |
| No. of pages | - 6 - (including cover page) |

---

**Kolmar's Sale of 15,000 Metric Tons Methanol**
**Our Ref. 2006167**

---

We are pleased to confirm the following sale transaction concluded with your company on 27th February 2007.

**Methanol / Sale Contract No: 2006167**

1) **Buyer**
   Rahul Sales Ltd
   S.C.O. 151 – 152 Sector 8C
   Madhya Marg
   Chandigarh 160009
   India
   Tel: ÷ (91) 172 2726 756
   Fax: ÷ (91) 172 270 8840
   E-Mail: operations@kolmarpetro.com

2) **Seller**
   Kolmar Petrochemicals AG
   Laubehof, Metallstrasse 9
   6390 Zug
   Switzerland
   Tel: + (41) 41 727 5700
   Fax: + (41) 41 727 5701

1

3) **Description**
Methanol

4) **Qnautity**
25,000 Metric Tons, plus/minus 5 Percent in Seller's option.

5) **Price**
USD 407.00 per Metric Ton.

6) **Delivery Terms**
CIF Kandla.

7) **Delivery Time**
For scheduled arrival during April 2007.

8) **Payment Terms**
Net cash in U.S. Dollars at 90 days from Bill of Lading date against maximum 6 Irrevocable and confirmed Documentary Letters of Credit of which to be received latest by 15th March, 2007, issued by a bank acceptable to seller. Letter of Credit to be telex/swift advised as the fully operative instrument directly to the advising bank.

If the opening bank does not have any direct telex/swift facilities with the Advising bank they may advise the Letter of Credit through their correspondent. However, the Letter of Credit must be further advised to the advising bank with costs thereof for Buyer's account. Letter of Credit to be available by negotiation with the advising bank.

The fully workable Letters of Credit must be received by the beneficiary with all the required amendments, latest by 15th March, 2007.

Failure by Buyer to deliver to Seller the operative Letters of Credit as stated above shall be considered a breach of this contract. Upon such breach, Seller shall have the right upon written notice to Buyer to cancel this contract without in any way limiting any other remedies available to Seller.

Please open your Letter of Credit in accordance with the following wording which forms an integral part of this contract:

===QUOTE===

2

Beneficiary:

> Kolmar Petrochemicals AG
> Laubehof
> Metallstrasse 9
> 6300 Zug
> Switzerland

Total amount:

> U.S. Dollars 6,105,000.00 (sixmillionnonehundredfivethousand) plus/minus 5 percent.

Quantity:

> 15,000.00 metric tons (fifteen thousand) plus/minus 5 percent.

Goods:

> Methanol

Price/unit:

> USD 407.00 per Metric Ton

Validity:

> For shipment latest 31st March, 2007.
> For validity of Letter of Credit 30th April, 2007.

Payment:

> Payable at 90 days from Bill of Lading date against presentation of the following documents or commercial invoice 3-fold and/or Seller's Letter of Indemnity for any missing documents:

- Commercial Invoice.

- 3/3 original shipped on board Charter Party Bills of Lading issued or endorsed to the order of [to be advised by buyer], plus 4 non-negotiable copies.

- Certificate of Quantity.

- Certificate of Quality.

3

       –   Certificate of Origin.

       –   Negotiable insurance certificate in duplicate for 110% of invoice value covering all risks including contamination, loss in weight in excess of 0.5 percent.

**Special conditions:**

       –   This Letter of Credit may be confirmed by the advising bank at the request and cost of the beneficiary

       –   T.T. reimbursement acceptable

       –   Commingled cargo acceptable

       –   Charter Party Bills of Lading showing freight payable as per Charter Party are acceptable.

       –   Partial shipments allowed.

       –   Typographical or spelling errors shall not constitute a discrepancy.

       –   Documents presented later than 21 days after the Bill of Lading date but within the validity of the Letter of Credit are acceptable.

       –   All banking charges relating to the Documentary Letter of Credit outside The advising bank will be for the applicant's account.

If the payment due date falls on a Saturday or a banking holiday other than Monday, then payment will be effected on the preceding business day. If due date falls on a Sunday or a Monday banking holiday, then payment will be effected on the following business day.

This Letter of Credit is subject to the "uniform customs and practice for documentary credit" (1993 revision) of the International Chamber of Commerce (publication no. 500).

===UNQUOTE===

9) **Maritime Conditions**
    Laytime to commence 6 (six) hours from tendering of Notice of Readiness or when vessel is all fast at berth, whichever occurs first. Laytime allowed (period or rate) and demurrage rate to be agreed upon vessel nomination. All other maritime conditions to be in accordance with Asbatankvoy Charter Party form.

**10) Invoicing Basis**

Net loaded Metric Tons as shown on Bill of Lading, and verified by an independent inspector at load-port.

**11) Title and Risk**

To pass from Seller to Buyer at load-port as material passes the incoming flange of Sellers's vessel.

**12) Origin**

Seller's option

**13) Inspection**

By an independent surveyor at loading port whose findings for quantity, quality and vessel's cleanliness shall be final and binding for both parties. Costs to be for Seller's account.

**14) Governing Law**

This contract shall be governed and construed in accordance with the laws of England (without reference to any conflict of law rules). The United Nations Convention on Contracts for the International Sale of Goods shall not apply to this contract.

**15) Jurisdiction**

Each party expressly submits to the jurisdiction of the High Court of London without recourse to arbitration.

**16) Force Majeure**

Neither Seller nor Buyer shall be liable in damages or otherwise for any failure or delay in performance of any obligation hereunder other than obligation to make payment, where such failure or delay is caused by force majeure, being any event, occurrence or circumstance reasonably beyond the control of that party, including without prejudice to the generality of the foregoing, failure or delay caused by or resulting from acts of god, strikes, fires, floods, wars (whether declared or undeclared), riots, destruction of material, delays of carriers due to breakdown or adverse weather, perils of the seas, embargoes, accidents, restrictions imposed by any governmental authority (including allocations, priorities, requisitions, quotas and price controls). The time of Seller to make or Buyer to receive delivery hereunder shall be extended during any period in which delivery shall be delayed or prevented by reason of any delivery hereunder shall be so delayed or prevented for more than 60 (sixty) days, either party may terminate this contract with respect to such delivery upon written notice to the other party.

5

**17) Liabilities**

In no event shall Seller be liable for indirect or consequential damages or for specific performance.

**18) Assignment**

Neither Seller nor Buyer shall assign the whole or any part of its rights and obligations hereunder without prior written consent of the other party.

**Other Conditions**

Where not in conflict with the other conditions of this contract, Incoterms 2000 to apply including subsequent amendments as applicable on the date of shipment.

**Entire Agreement**

Notwithstanding anything contained in any other agreement to the contrary, this agreement contains the entire agreement between the parties with respect of the subject matter hereof and all proposals, negotiations and representations relating thereto are merged herein.

All terms and other elements of this contract are to be kept private and confidential by all parties concerned.

Operational Contacts:
Mr.Peter Braunreiter
Tel: + (41) 41 727 5713
Fax: + (41) 41 727 5701
E-mail: operations@kolmarpetro.com

We are pleased to have been able to conclude this transaction with your company.

Kind Regards,

**KOLMAR PETROCHEMICALS AG**

6

2

Confirmation Report - Memory Send

Page      : 001
Date & Time: 28-Feb-07  17:06
Line 1    : +41-41-7275791
Machine ID : Kolmar Petrochemicals AG

Job number          :    352

Date                :    28-Feb 15:46

To                  :    S0095172270884Đ

Number of pages     :    005

Start time          :    28-Feb 15:46

End time            :    28-Feb 17:06

Pages sent          :    000

Status              :    50

Job number   : 862          *** SEND FAILED ***



**Kolmar**
PETROCHEMICALS

**FACSIMILE TRANSMISSION**

To      Rahul Sales Ltd
Attn    Mr. Onkar Anand Managing Director
Fax     + (91) 172 270 8840

CC      Metor New Delhi
Attn    Mr. Randhir Mehta

Date    28th February 2007

No. of pages      - 5 - (including cover page)

**Kolmar's Sale of 15,000 Metric Tons Methanol
Our Ref. 2006167**

We are pleased to confirm the following sale transaction concluded with your company on 27th February 2007.

Methanol / Sale Contract No: 2006167

1) Buyer
   Rahul Sales Ltd
   S.C.O. 151 – 152 Sector 8C
   Madhya Marg
   Chandigarh 160009
   India
   Tel: + (91) 172 2726 756
   Fax: + (91) 172 270 8840
   E-Mail: onkaranand@kolmarpetro.com

2) Seller
   Kolmar Petrochemicals AG
   Laufenad, Metallstrasse 9
   6300 Zug
   Switzerland
   Tel: + (41) 41 727 5700
   Fax: + (41) 41 727 5701

Message Printed    on 28/02/200717:20:17  by AQU      RefNum:AQU0742467
Kolmar's sales contract for Rahul,15000MT Methanol
From/To: Meteor Private Delhi at 28/02/2007 17:20:09

To: Meteor New Delhi
Attn: Mr. Randhir Mehta
Re: Kolmar's sales contract fro Rahul,15000MT Methanol

Dear Mr. Mehta

Please find attached the above mentioned contract which please pass on
to Rahul, as we were unable to fax it through to them.

Kind Regards

Alicia Quintanilla
Kolmar Petrochemicals AG
Laubehof, Metallstrasse 9
6300 Zug, Switzerland
Tel. +41 41 727 57 00
Fax.+41 41 727 57 01

--------------- End of Message ---------------

ReplyTo: meteor <meteornd@vsnl.com>
From: meteor <meteornd@vsnl.com>
To: Rahul Sales Mr Onkar Anand <anandon@sancharnet.in>,
 ONKAR ANAND <anand@rahulsales.com>, functiontrading.uk@kolmarpetro.com
cc: calcutta meteor <metcorpl@dataone.in>
Subject: Re: Import of Methanol
Date: Tue, 27 Feb 2007 19:20:38 +0530

Corrected Message
  ----- Original Message -----
  From: meteor
  To: Rahul Sales Mr Onkar Anand ; ONKAR ANAND
  Sent: Tuesday, February 27, 2007 5:56 PM
  Subject: Import of Methanol


  Attn    :Mr Onkar Anand
  CC      :Mr Basil Jebril - Kolmar London

  We are pleased to confirm for and on behalf of M/s Kolmar Petrochemicals Ag Zug
  15000 tons Methanol at $ 407 PMT CIP Kandla for April 2007 arrival.  Payment LC 90 days.
  Maximum number of LCs  6 in case possible efforts will be made to reduce the
  number of LCs to the maximum possible.  LC to be opened latest by 15 March 2007.

  Kolmar contract will follow.

  Best regards
  Randhir Mehta

EXHIBIT 2

17) Liabilities

In no event shall Seller be liable for indirect or consequential damages or for specific performance.

18) Assignment

Neither Seller nor Buyer shall assign the whole or any part of its rights and obligations hereunder without prior written consent of the other party.

Other Conditions

Where not in conflict with the other conditions of this contract, Incoterms 2000 to apply including subsequent amendments as applicable on the date of shipment.

Entire Agreement

Notwithstanding anything contained in any other agreement to the contrary, this agreement contains the entire agreement between the parties with respect of the subject matter hereof and all proposals, negotiations and representations relating thereto are merged herein.

All terms and other elements of this contract are to be kept private and confidential by all parties concerned.

Operational Contacts:
Mr Peter Brinkmann
Tel: +41(41) 727 5715
Fax: +41(41) 727 5701
E-mail: operations@kolmar.com

We are pleased to have been able to conclude this transaction with your company.

Kind Regards,

KOLMAR PETROCHEMICALS AG

ACCEPTED    ←    Accepted

# As we have the right to
establish up to 6 (six) LC's,
we may advise you to send
contracts for part quantities
in favour of our customers

# As we have the right to
establish up to 6 (six) LC's,
we may advise you to send
contracts for part quantities
in favour of our customers

AGREED

SIGNED

EXHIBIT 3

Page: 3                                    RefNum: 4765008
--------------------------------------------------------------------------

==============================================================
  Message Printed    on 01/03/2007 14:57:07  by MMO    RefNum: MMO4745005
  Re: 15 KT Methanol for Rahul Sales - Cnt 2005167CIF Kandla
  From/To: {mateor <mateornd@vsnl.com>} at 01/03/2007 13:52:05
==============================================================

ReplyTo: meteor <mateornd@vsnl.com>
From: metoor <meteornd@vsnl.com>
To: Matthias Moss <operations@kolmarpetro.com>,
  zug kolmar <functiontrading.ch@kolmarpetro.com>
cc: London Kolmar <functiontrading.uk@kolmarpetro.com>
Subject: Re: 15 KT Methanol for Rahul Sales - Cnt 2005167CIF Kandla
Date: Thu, 01 Mar 2007 18:12:56 +0530

Attn    :Mr Matthias Moss
CC      :Mr Christoph Nussbaumer
        Mr Basil Jebril

Further earlier email,  Rahul Sales have sent us their vessel acceptance as
per attached.

Regards
Bardhir Mehta


[A Mime Part ( - attachment; filename=vscarpuli.pdf) was detected here]


-------------- End of Message --------------

                                    Message Continues...

TELEPHONE : 2361948 / 2331948
FAX : 011 - 23319495
E-MAIL : meteor@del2.vsnl.net.in

# Meteor Private Limited

121-125, Ansal Bhawan, Kasturba Gandhi Marg, New Delhi - 110 001

## FACSIMILE TRANSMISSION

TO        : Rahul Sales Ltd. Chandigarh                                    Date: March 21, 2007

Attn      : Mr. Onkar Anand

No. of pages including this page - One

SUBJECT                16,000 mts Methanol - Kotmar Petrochemicals Contract 2005/67

Our principals have nominated the following vessel for performing against subject contract

Vessel    : M.T PUJI
            Turkish flag
            Built 2007
            13055.8 mts dwt at 8.60 m s.draft,
            Class for 1-hull machinery, chemical tanker/oil tanker,
            css, untreated navigator sys not dbl lns,
            Dk class 12, clean sea swm ess, lg, vcs cargo tout tr
            loa 148.00 m
            beam 21.60 m,
            marine fire coated tanks, 12 seg, total 17635 cbm at 98 pct
            2 slop tanks ttl cap 369.7 cbm at 98 pct
            equipped with dash line and N2 gen
Cargo     : min. 14 100 mt upto full cargo Methanol
            (full cargo apx. 14,200 -14,300 mt)
Disport   : esprb Mangla (ETA 08-14 April)
Laytime   : 350 mshr shinc
Demurrage : USD 20,000 pd/pr
Com       : Adcom/any/ny

We would appreciate receiving your written acceptance per return urgently

Best regards

_[signature]_

Maritime Mehta

✷. We accept Purchase M/V
      based/as Sales ...

✷  The Discharge Port will be
      either Kandla or Trucker
      Uttra  Store  A.S.

Page:0                                    RefNum:4744603
-----------------------------------------------------------------

-----------------------------------------------------------------
 Message Printed    on 01/03/2007;10:43  by MMS      RefNum:MMO4744603
   Re: 15 KT Methanol for Rahul Sales - Cnt 2006167CIF Kandla
 From/To: meteor <meteormd@vsnl.com> at 01/03/2007 12:00:40
-----------------------------------------------------------------

ReplyTo: meteor <meteormd@vsnl.com>
From: meteor <meteormd@vsnl.com>
To: Matthieu Moss <operations@kolmarpetro.com>,
  zug kolmar <functiontrading.ch@kolmarpetro.com>
cc: Meteor Private Delhi <meteordel2.vsnl.nel.in>,
  Meteor Private Kolk <meteorpl@vsnl.com>,
  Meteor Private Mumb <meteorpl@mtnl.net.in>
Subject: Re: 15 KT Methanol for Rahul Sales - Cnt 2006167CIF Kandla
Date: Thu, 01 Mar 2007 16:29:20 +0533


Attn   :Mr Matthieu Moss
CC     :Mr Christoph Nussbaumer

We duly nominated vessel 'MT Puli' to Rahul Sales who have reverted with the
following comments

- We cannot accept discharge rate of more than 200 MTS/SHIN
- The discharge port will be either Kandla or Munbei / Shavaseva
- Please also check on the charges for additional port

Regards
Randhir Mehta



                ------------------ End of Message ------------------

                                              Message Continues...



- BASIL   with   call     RAKUNUL

== Completion report for message XMO4742616 at 02/28/2007 5:48:38 PM ==

*** Destinations ***

```
4742615  02/28/2007 5:48:13 PM  Delivered  Meteor Private Delhi
4742616  02/28/2007 5:48:25 PM  Delivered  Meteor Private Kolk
4742617  02/28/2007 5:48:20 PM  Delivered  Meteor Private Mumb
4742618  02/28/2007 5:47:57 PM  IntOGMail  Kolmar Petro AG
```

*** Message Reads ***


To: Meteor Private Delhi
    Meteor Private Kolk - Tara Johi
    Meteor Private Mumb
    Kolmar Petro AG


FROM: Kolmar Petrochemicals AG
DATE: 02/28/2007 5:48:13 PM
REF : MMO4742616


RE: Vsl for 15 KT Methanol CIF Kandla

Dear Mr. Mehta,

Please find below our nominated vessel for the above agreement. Let
us have your clean acceptance in writing no later than 01 March 14:00
hrs Swiss time as per details:

Vessel:     MT FUEI
            Turkish flag
            built 2007
            15836.0 mts dwt at 8.60 m s.draft,
            Class by 1-hull-machinery,chemical tanker/oil tanker,
            esp,unrestricted navigation,sys ncl,aut-ims,
            ice class 1a,clean ptn,svm-nps,lg,vcs,cargo control
            lon 145.00 m
            beam 21.60 m,
            marine line coated tanks, 12 seg, total 17539 cbm at 98 pct
            2 slop tanks ttl cap 339.7 cbm at 98 pct
            equipped with steam line and N2 gen
Cargo:      min. 14,10% wt upto full cargo Methanol
            (full cargo abt. 14,200 -14,300 mt)
Disport:    osp/b Kandla (ETA 08-14 April)
Laytime:    350 mt/hr shinc
Demurrage:  USD 20,000 pd/pr
C/P:        Asbatankvoy

Regards,

Matthias Moss
Kolmar Petrochemicals AG
Laubehof, Metallstrasse 9
5300 Zug, Switzerland
Tel. +41 41 727 57 00
Fax. +41 41 727 57 01
E-Mail: operations@kolmarpetro.com


-------------- End of Message ---------------

EXHIBIT 4



Kolmar Group AG
Leubehof, Metallstrasse 9, 6300 Zug / Switzerland
Tel. +41 41 727 57 00  Fax  +41 41 727 57 01

March 2007

Dear valued Customers and Business Partners,

Please be advised that in line with the global planning strategy of this company, as of 26th February 2007, the name of this company has been changed from Kolmar Petrochemicals AG to **Kolmar Group AG.**

This name change doesn't change or affect our legal status; neither does it reflect a change in management or ownership in any respect. Also its registered address remains the same: Metallstrasse 9 in Zug, Switzerland.

You will see our new name, **Kolmar Group AG** on purchase enquiries and contracts etc., but all other details such as bank account numbers, address and contact details remain exactly as before. Our contractual obligations will be performed as normal as well as our operational commitments.

We endeavour to communicate our name change to all the relevant departments within your organization and only request that you arrange for updating your administrative systems accordingly.

**Kolmar Group AG** maintains its business philosophy of "Function Trading" within the Petrochemical industry and continues to provide services and solutions to its business partners, covering crude oil derivatives and alternative energy products as well.

We would like to take this opportunity to thank you for your loyal support and business and are confident that also in the future our business relationship will continue to be mutually beneficial.

Yours sincerely,
**Kolmar Group AG**

Mrs R Sandelowsky
CEO

Mr R Aviner
Director

EXHIBIT 5

---------- End of Message ----------

8 Mar 07 18:47     Rahul Sales Ltd.          911722708840          P.7



# Rahul Sales Limited

S.C.O. 353-352, Top Floor, Sector 8 -C, Madhya Marg, Chandigarh-160 100
Telephones : 2726796, 2726757 , Fax : 0091-172-2788845
WEB SITE: www.rahulsales.com  OTHER Email rahulsales@sancharnet.in

Attn: Mr. Peter Braunreiter

March 03, 2007

Kolmar Petrochemicals AG
Switzerland

## Letter of Assignment

We refer to the contract no. 2006167 dated 28th February 2007 entered into between our
two organizations covering our Purchase from Kolmar Petrochemicals AG of fifteen
thousand metric tons Methanol for delivery on agreed terms during April 2007. We
hereby agree to modify and amend the terms of the contract as follows:

1. We hereby confirm that we nominated M/s United Phosphorus Ltd. our assignee
   for importing 1000 metric tones plus minus five percent Methanol on our behalf
   being the subject of our above mentioned contract and we hereby request that you
   accept L/C on the basis agreed in our contract issued by M/s United Phosphorus
   Ltd. as our assignee.

2. In consideration of you accepting L/C issued by M/s United Phosphorus Ltd.,
   agree that any payment made by them under this L/C to Kolmar Petrochemicals
   AG shall constitute a full and final payment for the 1000 metric tons Methanol
   represented by the relevant shipping documents and shall discharge any obligation
   from you to us under the terms of our contract for the purchase of such 1000
   metric tons Methanol. Furthermore, we agree that at all times we shall remain
   fully liable directly to you for performance of the contract in accordance with its
   terms, notwithstanding the fact that,

   a. We have appointed M/s United Phosphorus Ltd. our assignee for
      importing the 1000 metric tons Methanol on our behalf to meet our
      delivery obligations from you under the contract and

   b. We have instructed you to receive payment direct from M/s United
      Phosphorus Ltd. through the instrument of the letter of credit which they
      have issued in your favour.

Please sign this contract amendment below thereby signifying your agreement to its
terms and conditions.

For and on behalf of
Rahul Sales Ltd.

Authorised signatory

------- End of Message -------

9 Mar 07 18:18     Rahul Sales Ltd.                 911722708840              p.1

# Rahul Sales Limited


S.C.O. 131-132, Top Floor, Sector 8 -C, Madhya Marg, Chandigarh-160 009
Telephones : 2728758, 2725757   ,  Fax : 0091-472-2708840
WEB SITE: www.rahulsales.com   INTERNET Email: sanandan@sanchsrnet.in

Dated: 15.03.2007

M/s Kolmar Group AG,
Switzerland.

## Letter of Assignment

We refer to the contract no.2006167 dated 28th February 2007 entered into between our two
organisations covering our Purchase from Kolmar Group AG 15,000 (fifteen thousand) metric
tons Methanol for delivery on agreed terms during April 2007. We hereby agree to modify and
amend the terms of this contract as follows:

1. We hereby confirm that we nominated PEC Ltd our assignee for importing 5000 metric (tonne
plus minus five percent Methanol as our behalf being the subject of our above mentioned
contract and we hereby request that you accept L/C on the basis agreed in our contract issued by
PEC Ltd as our assignee.

2. In consideration of you accepting L/C issued by PEC Ltd. agree that any payment made by
them under this L/C to Kolmar Group AG shall constitute a full and final payment for the 5000
metric tons Methanol represented by the relevant shipping documents and shall discharge any
obligation from you to us under the terms of our contract for the purchase of such 5000 metric
tons Methanol. Furthermore, we agree that at all times we shall remain fully liable directly to you
for performance of the contract in accordance with its terms, notwithstanding the fact that, (a) we
have appointed PEC Ltd. our assignee for importing the 5000 metric tons Methanol on our behalf
to meet our delivery obligations from you under the contract and (b) we have instructed you to
receive payment direct from PEC Ltd through the instrument of the letter of credit which they
have issued in your favour.

Please sign this contract amendment below thereby signifying your agreement to its terms and
conditions.

For and on behalf of
Rahul Sales Ltd.

*[signature]* B Sharma
Authorised signatories

ATTN: Mr. Peter Braunrecht.
      Mr. MATTHIEU MOSS

Message Printed    on 19/03/2007 08:54:06  by MXO    RefNum: MMO4788723

From/To: (ENENCGEN) at 19/03/2007 07:35:02

FROM :                      FAX NO. :                  Mar. 19 2007 12:35PM P1

7 Mar 07 12:24    Rahul Sales Ltd.          911722708840        P.1

# RahuL SaLes Limited

S.C.O. 15-16-17, 1st Floor, Sector 8 -C, Madhya Marg, Chandigarh-160 009
Telephones : 2728735, 2728737 , Fax : 0091-172-2708840
WEB SITE : www.rahulsales.com  INTERNET Email: ramesh@sancharnet.in



Kolmer Petrochemicals AG                      17.03.07
Switzerland

## Letter of Assignment

We refer to the contract no.2606167 dated 28th February 2007 entered into between our
two organizations covering our Purchase from Kolmer Petrochemicals AG of fifteen
thousand metric tons Methanol for delivery on agreed terms during April 2007. We
hereby agree to modify and amend the terms of the contract as follows:

1.    We hereby confirm that we nominated Traxpo Enterprises Ltd, our assignee for
      importing 6000 metric tones plus minus five percent Methanol on our behalf
      being the subject of our above mentioned contract and we hereby request that you
      accept L/C on the basis agreed in our contract issued by Traxpo Enterprises Ltd
      as our assignee.

2.    In consideration of you accepting L/C issued by Traxpo Enterprises Ltd, agree
      that any payment made by them under this L/C to Kolmer Petrochemicals AG
      shall constitute a full and final payment for the 6000 metric tons Methanol
      represented by the relevant shipping documents and shall discharge any obligation
      from you to us under the terms of our contract for the purchase of such 6000
      metric tons Methanol. Furthermore, we agree that at all times we shall remain
      fully liable directly to you for performance of the contract in accordance with its
      terms, notwithstanding the fact that,

      a.    We have appointed Traxpo Enterprises Ltd, our assignee for importing
            the 6000 metric tons Methanol on our behalf  to meet our delivery
            obligations from you under the contract and

      f.    We have  instructed you to receive payment direct from Traxpo
            Enterprises Ltd, through the issuance of the letter of credit which they
            have issued in your favour.

Please sign this contract amendment below thereby signifying your agreement to its
terms and conditions.

For and on behalf of
Rahul Sales Ltd.

ATTA: MR. MATTHIEU MOSS

N.Maung
Authorised signatories

------------- End of Message -------------

EXHIBIT 6



K TANKERCILIK ve
Gemi Isletmeciligi A.S.
Fahrettin Kerim Gokay Cad. No.14
A Blok Kat 2 34662 Altunizade
Uskudar - Istanbul - Turkiye

Tel : +90 216 651 48 85
Fax : +90 216 651 01 55
e-mail : info@ktankering.com
operation@ktankering.com

## STATEMENT OF FACT FOR DISCHARGING

| Vessel | : M/T PULI | Voyage No | : 03/07 |
| Port | : KANDLA / INDIA | C/P Date | : |
| Date | : 24.04.2007 | B/L | : 16090.775 |
| Cargo | : METHANOL | S/F | : |
| Used tug (arr) | : NO | Used tug (dep) | : |
| Draft (F) | : 7,85 | Draft (M) : 8,35 m | Draft (A) | : 8,85 m |
| Re | : Statement Of Facts For Discharging | | |

| Statement's | Date | Time | Remark's |
|---|---|---|---|
| Vessel Arrived | 14.04.2007 | 0815 | |
| Notice Of Read. Tendered | 14.04.2007 | 0815 | |
| Anchored | 14.04.2007 | 0835 | |
| Anchor up | 14.04.2007 | 1330 | |
| Pilot On Board | 14.04.2007 | 1345 | |
| Anchored | 14.04.2007 | 1515 | |
| Pilot left | 14.04.2007 | 1520 | |
| Anchor up | 15.04.2007 | 0940 | |
| Pilot On Board | 15.04.2007 | 1000 | |
| First Line To Shore | 15.04.2007 | 1020 | |
| All Fast | 15.04.2007 | 1110 | |
| Commenced Ullage Taken | 15.04.2007 | 1200 | |
| Ullage Taken | 15.04.2007 | 1800 | |
| Before Disch. Cal. Comp. | 15.04.2007 | 1330 | |
| Free Pratique Granted | 15.04.2007 | 2115 | |
| Notice Of Read. Accepted | 15.04.2007 | as per c/p | |
| Hose Connected | 15.04.2007 | 2310 | |
| Sample Taken | 15.04.2007 | 2300 | |
| Discharging Commenced | 15.04.2007 | 2325 | |
| Discharging Completed | 24.04.2007 | 0600 | |
| Hose Disconnected | 24.04.2007 | 0625 | |
| Documents On Board | 24.04.07 | 0900 | |
| P.O.B. | 24.04.07 | | |
| Unmoored | 24.04.07 | | |
| Vessel Sailed | | | |

Remark's

Discharging rate arranged as per shore request.
15.04.07 fm:1330lt to 2310lt vessel awaiting shore readiness.
17.04.2007 / 1230 suspended discharging due to shore request.
17.04.2007 fm:1230lt to 18.04.2007/1030lt vessel awaiting shore readiness for discharging.
18.04.2007/1030 lt resumed discharging maintain manifold pressure 1 bar as per shore request.
18.04.2007 fm:1055lt to 1135lt stopped discharging due to shore request.
18.04.2007 / 1300 stopped discharging due to shore request.
18.04.2007 / 1345 hose disconnected
18.04.2007 / 1505 pob
18.04.2007 / 1515 unmoored





**K TANKERCILIK ve**
Genel Işletmecilik A.S.
Fahrettin Kerim Gökay Cad. No:14
A Blok Kat:2 34382 Altunizade
Üsküdar – Istanbul – Turkiye

Tel    + 90.216.551 18 55
Fax   + 90.216.551 81 52
e-mail   info@ktankering.com
        operation@ktankering.com

18.04.2007 / 1600 pilot left
18.04.2007 / 1710 vessel anchored outer anchorage area
21.04.2007 / 1420 anchor up
21.04.2007 / 1535 pob
21.04.2007 / 1650 first line ashore
21.04.2007 / 1720 all fast
21.04.2007 / 1720 pilot left
21.04.2007 / 1745 commenced ullage taken
21.04.2007 / 1930 ullage taken
21.04.2007 / 2009 calculation completed
21.04.2007 / 2010 hose connected
21.04.2007 fm:2010 to:2150 vessel awaiting shore readiness.
21.04.2007 /. 2150 resumed discharging
23.04.2007 / 1040 stopped discharging due to shore request
23.04.2007 / 1200 hose disconnected
23.04.2007 / 2035 hose connected for slops.
23.04.2007 / 2040 commenced discharging slops.
23.04.2007 / 2100 completed discharging slops.
23.04.2007 / 2120 hose disconnected for slops.
23.04.2007 / 2245 hose connected
24.04.2007 / 0005 resumed discharging
23.04.2007 fm:1040 to:24.04.2007 / 0005 vessel awaiting shore readiness.

Agent



Receiver

Master

MT. FULLY V.03/07  
AT OIL JETTY NO.02  

PORT OF KANDLA (INDIA)  
DATED: 24.04.2007  

// STATEMENT OF FACTS //

| | |
|---|---|
| Vessel arrived at Kandla (KOSP) | 0015 hrs on 03.04.2007 |
| Notice of Readiness tendered | 0215 hrs on 14.04.2007 |
| Notice of Readiness accepted | 0815 hrs on 14.04.2007 |
| Vessel Anchored at OSP | 0935 hrs on 14.04.2007 |
| Pilot Embarked OTB for berthing | 1355 hrs on 14.04.2007 |
| Dropped Anchor at Kandla Anchorage | 1515 hrs on 14.04.2007 |
| Pilot to boarded at Anchorage for berthing | 1030 hrs on 15.04.2007 |
| First line Ashore | 2120 hrs on 15.04.2007 |
| Vessel berthed at Oil Jetty No.02 | 2210 hrs on 15.04.2007 |
| Gangway Placed | 2225 hrs on 15.04.2007 |
| Customs/Health/surveyors onboard | 1130 hrs on 21.04.2007 |
| Ullaging/Sampling/Calculation | 1200-1330 hrs on 15.04.2007 |
| Cargo Sampling arranged by receivers | 2115-2300 hrs on 15.04.2007 |
| Hose(1 x 6") connection by FSWAI tank farm | 2300-2320 hrs on 15.04.2007 |
| Commenced discharge | 2925 hrs on 15.04.2007 |
| Ceased discharge/due to shortage of shore ullage | 1290 hrs on 17.04.2007 |
| Shifting order issued by Port Authorities | |
| Due to idling vessel at berth | 1800 hrs on 17.04.2007 |
| Pilot scheduled to board for shifting | 2445 hrs on 17.04.2007 |
| Hose connected by FSWAI | 0935-3935 hrs on 18.04.2007 |
| Resumed discharge with 5 kg pressure | |
| Requested by receivers terminal | 1000 hrs on 18.04.2007 |
| Ceased discharge as per shore request | 1055 hrs on 18.04.2007 |
| Resumed discharge as per shore request | 1106 hrs on 18.04.2007 |
| Ceased discharge as per shore request | 1115 hrs on 18.04.2007 |
| Resumed discharge | 1125 hrs on 18.04.2007 |
| Ceased Discharge due to shifting vessel at OTB by Port authority due to idling at berth | 1390 hrs on 18.04.2007 |
| Clinging/Calculation | 1300-1320 hrs on 18.04.2007 |
| Air blow to shore line | 1320-1330 hrs on 18.04.2007 |
| Hose dis-connection by FSWAI tank farm | 1330-1340 hrs on 18.04.2007 |
| Pilot on board at OJ. No.2 for shifting | 1505 hrs on 18.04.2007 |
| Vessel dropped/anchored at OTB | 1710 hrs on 18.04.2007 |
| Receivers notified shore ullage space | 1000 hrs on 20.02.2007 |
| Pilot on board at OTB for reberthing | 1535 hrs on 21.04.2007 |
| First line Ashore | 1650 hrs on 21.04.2007 |
| Vessel berthed at Oil Jetty No.02 | 1720 hrs on 21.04.2007 |
| Gangway placed | 1740 hrs on 21.04.2007 |
| Agents / Surveyors onboard | 1740 hrs on 21.04.2007 |
| Ullaging/Sampling/Calculation | 1745-2000 hrs on 21.04.2007 |
| Hose(1x 6") connection by FSWAI tank farm | 2000-2010 hrs on 21.04.2007 |
| Resume discharge to FSWAI | 2150 hrs on 21.04.2007 |
| Ceased discharge due to shore ullage problem | 1040 hrs on 23.04.2007 |
| Air blew to shore line | 1040-1050 hrs on 23.04.2007 |
| Hose disconnection by FSWAI | 1050-1100 hrs on 23.04.2007 |
| Hose connection (1 X 6") by JKS | 2025-2035 hrs on 23.04.2007 |
| Commenced discharge | 2040 hrs on 23.04.2007 |
| Completed discharge to JKS | 2100 hrs on 23.04.2007 |
| Air blow to shore line | 2100-2110 hrs on 23.04.2007 |
| Hose disconnection | 2110-2120 hrs on 23.04.2007 |

Cont.... 02



// Page No. 02 //

NO. FULLI-03/07?                                        PORT OF KANDLA (INDIA)
AT VII SHEET NO.22                                     DATE: 24.04.2007

// STATEMENT OF FACTS //

Hose connection by FSWAI                          2115 - 2215 hrs on 23.04.2007
Resumed discharge to FSWAI                        0200 hrs on 24.04.2007
Completed discharge                               0800 hrs on 24.03.2007
Dry Tank inspection                               0600 HRS hrs on 24.04.2007
Air slug /crested line                            0800 HRS hrs on 24.04.2007
Hose disconnection by FSWAI                        0815 hrs on 24.04.2007

Documentation completed                           0800 hrs on 24.04.2007
Pilot boarded for sailing                         0800 hrs on 23.04.2007
Unberthed                                         1315 hrs on 24.04.2007
Pilot disembarked                                 1715 hrs on 24.04.2007
Vessel sailed                                     1700 hrs on 24.04.2007

Receiver's            Cargo B/L qty        E/Port     Receiver's Terminal

M/S PEC LTD.              Naphtha 4047.355 MT      KANDLA PSRA TANK FARM
M/S MOU ENTERPRISE        NAPHTHA 4043820 MT         KANDLA PSRA FARM

DELAYS:
From         To          Reason
0815 hrs/14.04   1305 hrs/14.04   Awaited Pilot for berthing
1305 hrs/14.04   1515 hrs/14.04   Harbour steaming/dropped anchor at W/Anchorage
1515 hrs/14.04   1800 hrs/14.04   Awaited position of berth /Pilot/tide for
                                  berthing
1800 hrs/15.04   1100 hrs/15.04   Harbour steaming/securing berth etc
1700 hrs/15.04   2300 hrs/15.04   Awaited for customs documentation/sampling etc
                                  arranged by receivers/their agents
2000 hrs/03.04   2100 hrs/21.04   Awaited for shore readiness for commencement

/800 hrs/20.04   1200 hrs/24.04   Awaited for suitable tide /Pilot for sailing
                                  /shifting after Completion of final
                                  documentation

Stoppages :
From          To          Reason
1230 hrs/17.04   1500 hrs/18.04   Ceased discharge by shore due
                                  tank space problem
1055 hrs/18.04   1135 hrs/18.04   Ceased discharge by shore due shore
                                  tank space problem
1215 hrs/18.04   1135 hrs/18.04   Ceased discharge by shore due to
                                  tank space problem
1300 hrs/18.04   1535 hrs/21.04   Ceased discharge and vessel shifted to
                                  OTB by port authority for idling of vessel
                                  At berth due to non readiness of shore tanks.
1040 hrs/23.04   0005 hrs/16.04   Ceased discharge by shore due non readiness
                                  of shore Tanks

Master's/Agents Remark:

Vessel is having facility for providing more than one manifold for discharging
cargo at Kandla. But receivers used only one manifold for discharging entire
cargo.

Cont...

MT."PULI V-83/D7"                                    PORT OF KANDLA (INDIA)
AT OIL JETTY NO.02                                   DATE :26.06.2007

## STATEMENT OF FACTS

Master's/Agents Remark:

All delays/Detention/stoppage/shifting of vessel from berth by port authorities
due to idling of vessel at berth / delayed for vessel's turn-around as well as
sailing schedule, free Kandla/all expenses and cost of shifting shall be
to OIB / Receivinds/idling is same, penalty etc will be on respective account

Master's Letter of protest stating above to Receivers terminal. NIL no.___ as
Annexure "A") AND Agents letter of protest stating above (NIL no.)  including
shifting order by Port Authorities as Annexure "B") are SHALL as integral
Part of this SOF.

SUBJECT TO THE TERMS/CONDITIONS & EXCEPTIONS OF THE RELEVENT CHARTER PARTY.

For GAC SHIPPING (INDIA) PVT LTD    For M/s.RISHI KIRAN ROADLINES
                                    Rep.M/S.PEC LTD.& MOW ENTERPRISES.

As Agents

                                    As Receiver's Agents

                    MASTER
                    MT PULI TAG 83/D7

EXHIBIT 7



Kolmar Group AG
Laubehof, Metallstrasse 9, 6300 Zug / Switzerland
Tel. +41 41 727 57 00 Fax +41 41 727 57 01

June 11th, 2007

REGISTERED
RAHUL SALES LTD
S.C.O 151 - 152 SECTOR 8C
MADHYA MARG
CHANDIGARH 160 009
INDIA

RE: Demurrage Claim - USD 135'775.00, "PULI" C/P 02.03.07
    at KANDLA 14.04.07, Our Ref.: K01813, B/L Date: 18.03.07

Dear Sirs,

Herewith enclosed please find following documents concerning
the claim in reference:

- Notice of Readiness
- Statement of Facts
- Summary Sheet, Laytime Calculation and Invoice

Please acknowledge receipt of the above claim and documents
by signing and returning attached copy of this letter.

Should you have any question, please contact this office and
quote the reference number.

Your prompt attention and cooperation will be appreciated.

                                   Yours faithfully,

                                   KOLMAR GROUP AG

                                   Silvia Battistini



**Kolmar**

Kolmar Group AG
Lauboheof, Metallstrasse 9, 6300 Zug / Switzerland
Tel. +41 41 727 57 00 Fax +41 41 727 57 01

June 11th, 2007

RAHUL SALES LTD
S.C.O 151 - 152 SECTOR 8C
MADHYA MARG
CHANDIGARH 160 009
INDIA



INVOICE   No: K01013.30

| Vessel : PULI | C/P Date: 02.03.07 |
| | B/L Date: 18.03.07 |
| Our Ref.: K01013 | Ctr. No.: 2011478/542/581 |
| at KANDLA | on 14.04.07 |

Demurrage incurred as per attached
Laytime Calculation and Summary Sheet

Claim amount   : USD   135'775.00

DUE DATE: 21.06.07 .
Payment instructions:
To: Bankers Trust, New York / USA, A/C No. 04411122, for
further credit to: ING Belgium, Brussels, Geneva Branch /
Switzerland, Swift: BBRUCHGT, in favour of: Kolmar Group AG /
Zug / Switzerland, A/C CH5108387000002441783 / USD

SUMMARY FOR CUSTOMER: RAHUL

Vessel : PULI
Onr Ref.: K01013
Cargo : METHANOL

| Port | Total Cargo Quantity | Claimee's Quantity |
|------|---------------------|--------------------|
| KANDLA | 14047.355 | 14047.355 |

Net Time Used in Port(s)  :   9.71528 days (  9d 17h 10m) (see Laytime Calculation)
Time Used for the Customer:   9.71528 days (  9d 17h 10m)
Allowed Laytime           :   2.92653 days (  2d 22h 14m)
Time on Demurrage         :   6.78875 days (  6d 18h 56m)

Demurrage Rate            : 2D000.00

DEMURRAGE AMOUNT          : USD 135'775.00

| E X P L A N A T I O N | Time in days | Equals |
|-----------------------|--------------|--------|
| Port — Used Time | | |
| KANDLA | 9.715280 | 9d 17h 14m |
| Allowed Laytime | 2.926530 | 2d 22h 14m |
| Time On Demurrage | - | 6d 18h 56m |

NB: On Demurrage from 17.04.07(13:39) at port KANDLA

Sub-reference : 1

## LAYTIME CALCULATION: RAHUL

| | |
|---|---|
| Cargo | : METHANOL |
| Vessel | : PULI |
| Our Ref. | : K01013 |

| | |
|---|---|
| Discharge Port | : KANDLA |
| Arrival Date | : 14.04.07 |
| Laydays(Window) | : |
| Time Starts | : 14.04.07 at 14:15(N.O.R. Allowance(5h)) |
| Time Ends | : 24.04.07 at 08:35(Hoses Off) |

| | | | |
|---|---|---|---|
| Gross Time Used: | 9.76389 days | ( | 9d 18h 20m) |
| Deductions : | 0.04861 days | ( | 01h 10m) |
| Net Time Used : | 9.71528 days | ( | 9d 17h 10m) |

| Period Starts at: | | Stops at: | | | Counts | Does Not Count | |
|---|---|---|---|---|---|---|---|
| Date | Time | Date | Time | % | Lapse | Lapse | Explanation |
| 14.04.07 | 14:15 | 15.04.07 | 10:00 | 100 | 19:45 | | |
| 15.04.07 | 10:00 | 15.04.07 | 11:10 | | | 01:10 | Shifting |
| 15.04.07 | 11:10 | 24.04.07 | 08:35 | 100 | 8:21:25 | | |

NB: On Demurrage from 17.04.07(13:39) at port KANDLA

Sub-reference: 1

EXHIBIT 8

TELEPHONE : 23311918 : 23311940
FAX : 011 - 23318905
E-MAIL : meteor@del3.vsnl.net.in

# Meteor Private Limited

121-122, Ansal Bhawan, Kasturba Gandhi Marg, New Delhi-110 001

## FACSIMILE TRANSMISSION

| | |
|---|---|
| TO : Raghul Sales Ltd, Chandigarh | Date: March 31, 2006 |
| Attn : Mr Onkar Anand<br>Managing Director | Fax: 0172 2708840 |
| No. of pages including this page - | |

SUBJECT : 14,047 tons Methanol per MT Full – Kolmar ref 2006167

This refers to Kolmar fax sent you by Mr Chavdar Tzonev on March 11, 08 concerning the outstanding demurrage claim of $135,000 among other outstanding issues.

For good order sake, we are re-sending the aforementioned fax alongwith the attachments and would appreciate receiving your prompt reply.

Best regards,

Randhir Mehta

EXHIBIT 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
KOLMAR GROUP AG f/k/a KOLMAR    :
PETROCHEMICALS AG,    :
    :
                    Plaintiff,    :         08 Civ.
    :
    - against -    :         ECF CASE
    :
RAHUL SALES LIMITED a/k/a RAHUL    :
SALES LTD.,    :
    :
                    Defendant.    :
-------------------------------------------------X

### AFFIDAVIT IN SUPPORT OF PRAYER FOR MARITIME ATTACHMENT

State of Connecticut  )
                                    )    ss: Town of Southport
County of Fairfield    )

    Anne C. LeVasseur, being duly sworn, deposes and says:

    1.    I am a member of the Bar of this Court and represent the Plaintiff herein. I am

familiar with the facts of this case and make this Affidavit in support of Plaintiff's prayer for the

issuance of a Writ of Maritime Attachment and Garnishment, pursuant to Rule B of the

Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

### DEFENDANT IS NOT PRESENT IN THE DISTRICT

    2.    I have attempted to locate the Defendant, RAHUL SALES LIMITED a/k/a

RAHUL SALES LTD. within this District. As part of my investigation to locate the Defendant

within this District, I checked the telephone company information directory, as well as the white

and yellow pages for New York listed on the Internet or World Wide Web, and did not find any

listing for the Defendant. Finally, I checked the New York State Department of Corporations'

online database which showed no listings or registration for the Defendant.

3.    I submit based on the foregoing that the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

4.    Upon information and belief, the Defendant has, or will have during the pendency of this action, tangible and intangible property within this District and subject to the jurisdiction of this Court, held in the hands of in the hands of garnishees within this District, which are believed to be due and owing to the Defendant.

5.    This is Plaintiff's first request for this relief made to any Court.

## PRAYER FOR RELIEF FOR ORDER ALLOWING SPECIAL PROCESS SERVER

6.    Plaintiff seeks an Order pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, for an Order appointing Patrick F. Lennon, Kevin J. Lennon, Charles E. Murphy, Nancy R Peterson, Coleen A. McEvoy, Anne C. LeVasseur or any other partner, associate, paralegal or agent of Lennon, Murphy & Lennon, LLC, or any process server employed by Gotham Process Servers, in addition to the United States Marshal, to serve the Ex Parte Order and Process of Maritime Attachment and Garnishment, together with any interrogatories, upon the garnishee(s), together with any other garnishee(s) who (based upon information developed subsequent hereto by the Plaintiff) may hold assets of, for or on account of, the Defendant.

7.    Plaintiff seeks to serve the prayed for Process of Maritime Attachment and Garnishment with all deliberate speed so that it may be fully protected against the potential of being unable to satisfy a judgment/award ultimately obtained by Plaintiff and entered against the Defendant.

2

8.    To the extent that this application for an Order appointing a special process server with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by the Marshal as it involves simple delivery of the Process of Maritime Attachment and Garnishment to the various garnishees to be identified in the writ.

## PRAYER FOR RELIEF TO SERVE LATER IDENTIFIED GARNISHEES

9.    Plaintiff also respectfully requests that the Court grant it leave to serve any additional garnishee(s) who may, upon information and belief obtained in the course of this litigation, to be holding, or believed to be holding, property of the Defendant, within this District. Obtaining leave of Court at this time to serve any later identified garnishees will allow for prompt service of the Process of Maritime Attachment and Garnishment without the need to present to the Court amended Process seeking simply to identify other garnishee(s).

## PRAYER FOR RELIEF TO DEEM SERVICE CONTINUOUS

10.    Further, in order to avoid the need to repetitively serve the garnishees/banks, Plaintiff respectfully seeks further leave of the Court, as set out in the accompanying Ex Parte Order for Process of Maritime Attachment, for any process that is served on a garnishee to be deemed effective and continuous service of process throughout any given day on which process is served and throughout the next day, provided that process is served the next day, and to authorize service of process via facsimile or e-mail following initial *in personam* service.

3

Dated: June 10, 2008
Southport, CT

Anne C. LeVasseur

Sworn and subscribed to before me
this 10TH day of June, 2008.

Notary Public / Commissioner of
Superior Court

4